Patricia M. CARROLL,
Plaintiff–Appellee,

v.

GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA,
Defendant–Appellant.

No. 89–2525
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1990.

William H. Buckner, Sylvia Davidow, Bruckner & Sykes, Houston, Tex., for defendant-appellant.

Kurt Arbuckle, Emmott & Arbuckle, Clinard J. Hanby, Essmyer & Hanby, Houston, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Patricia Carroll, a black female, brought this employment discrimination suit against General Accident Insurance Company of America ("General Accident") pursuant to Title VII of the Civil Rights Act of 1964 as amended and 42 U.S.C. section 1981. The complaint alleged that General Accident had intentionally discriminated against Carroll on account of her race, culminating in her constructive discharge, and sought various forms of monetary relief. The case was tried to a jury, which returned a verdict holding General Accident liable and awarding $198,950 in actual and punitive damages. On this appeal, General Accident asserts that Carroll failed to establish a prima facie case of discrimination because there was insufficient evidence on the issue of constructive discharge. General Accident also contends that we should give retroactive application to the Supreme Court's decision in *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), and vacate all damages awarded pursuant to section 1981. We modify the judgment to comply with *Patterson.*

## I.

(Part I of this opinion is not published.)

## II.

After General Accident filed its notice of appeal in this case, the Supreme Court handed down its decision in *Patterson v. McLean Credit Union.* In *Patterson* the Court held that racial harassment in the workplace "is not actionable under § 1981, which covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process. Rather, such conduct is actionable under the more expansive reach of Title VII...." *Patterson,* 109 S.Ct. at 2374. General Accident asks us to give retroactive application to the *Patterson* holding and to overturn those aspects of Carroll's recovery based solely on section 1981.

The general rule is that a federal appellate court will apply the law in effect at the time of its decision.[1] *See Bradley v.*

---

1. Carroll's suggestion that General Accident waived its right to bring its argument on appeal by failing to challenge the applicability of section 1981 in the court below is without merit.

The rules of waiver available in other contexts do not prohibit an appellate court from considering the effect of an intervening decision that interprets a substantive statute to preclude a

*School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Nations v. Sun Oil Co. (Delaware),* 695 F.2d 933, 936 (5th Cir.), *cert. denied,* 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 229 (1983). In deciding whether to depart from this rule in a particular case, we consider the factors set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). *See Noble v. Drexel, Burnham, Lambert, Inc.,* 823 F.2d 849, 850 (5th Cir.1987); *Equal Employment Opportunity Comm'n v. Texas Indus.,* 782 F.2d 547, 549 (5th Cir.1986). In *Chevron,* the Court stated:

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Chevron Oil Co.,* 404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted).

▪ A number of our cases have treated section 1981 and Title VII as involving parallel means of redressing employment discrimination. *See, e.g., Comeaux v. Uniroyal Chem. Corp.,* 849 F.2d 191, 192 & n. 1 (5th Cir.1988); *Junior v. Texaco,* 688 F.2d 377, 379 n. 3 (5th Cir.1982); *Rivera v. City of Wichita Falls,* 665 F.2d 531, 534 n. 4 (5th Cir. Unit A 1982). A review of these precedents makes it reasonably clear that *Patterson* established a new principle of law, at least in this circuit.

The second *Chevron* factor requires us to consider the purposes and effects of the Court's interpretation of section 1981 and whether retroactive application in this case will advance or retard those purposes and effects. As a general matter, section 1981 serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race. Section 1981 also provides a means of compensating a victim of racial discrimination. These purposes, however, are also served by Title VII. A decision to apply the *Patterson* holding retroactively thus would not allow an employer guilty of racial discrimination to go unpunished, would not significantly reduce the deterrent effect of antidiscrimination statutes, and would not bar compensation of aggrieved plaintiffs. In *Patterson,* the Supreme Court noted two specific justifications for its limited interpretation of section 1981. First, the Court pointed to the provision's narrow language prohibiting discrimination in the making and enforcement of contracts. *See Patterson,* 109 S.Ct. at 2372–73. Second, the Court noted that a broader interpretation of section 1981 would interfere with the elaborate administrative procedures prescribed under Title VII. *See id.* at 2374–75. We conclude that non-retroactivity gains no support from the second *Chevron* factor.

Finally, we must consider the equities. Relying on our precedents, Carroll brought suit and successfully obtained a judgment against General Accident under both Title VII and section 1981.[2] It may appear unjust to hold at this stage that she is not entitled to that portion of her recovery that

---

cause of action. *See Employers Ins. v. Suwannee River Spa Lines, Inc.,* 866 F.2d 752, 761 n. 11 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 77, 107 L.Ed.2d 43 (1989).

**2.** Carroll has suggested that the district court submitted the case to the jury only under section 1981. Although the court did observe that all Title VII remedies being sought overlapped with section 1981 remedies, we do not think this statement indicated that the court was removing Carroll's Title VII claims from the case.

is based on section 1981 alone. Yet, it would also be unjust to require General Accident to pay damages to which, as the Supreme Court has now held, Carroll is not entitled under section 1981. Retroactive application of *Patterson* will not deprive Carroll of relief; she will be entitled to retain that portion of her damages that is recoverable under Title VII. We conclude that retroactive application would not produce substantial inequitable results. Having considered each of the factors in the *Chevron* analysis, we find no justification for a departure from the general rule that an appellate court will apply the law in effect at the time of its decision.

■ Carroll does not contend that her claim was based on conduct at the initial formation of the contract or on conduct impairing the right to enforce a contract through legal process. Under *Patterson* General Accident's conduct was actionable only under Title VII. A Title VII plaintiff is entitled only to equitable relief and attorneys' fees and expenses. Title VII does not permit recovery of compensatory damages for pain and suffering, *see Bennett v. Corroon & Black Corp.*, 845 F.2d 104, 106 (5th Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989), or punitive damages, *see Flanagan v. Aaron E. Henry Community Health Servs. Center*, 876 F.2d 1231, 1235 (5th Cir.1989). In the district court, Carroll was awarded $32,500 in back pay for the period after she left General Accident, $1,500 in unequal pay for the period she was at General Accident, $25,650 for pain, suffering, and physical and emotional distress, and $119,300 in punitive damages. Carroll also recovered $20,000 in attorneys' fees and expenses. We modify the judgment by vacating the awards of $25,650 for pain, suffering, and physical and emotional distress and of $119,300 in punitive damages.

AFFIRMED as MODIFIED.