ORDERED.

**Ed HALL, Plaintiff,**

v.

**SEARS PRODUCT SERVICE, Defendant.**

**Civ. A. No. CA–3–91–0971–J.**

United States District Court, N.D. Texas, Dallas Division.

Feb. 12, 1992.

---

3. The court therefore does not reach the Sum-

rall defendants' motion to dismiss.

Chauncey V. Lander, Lander & Associates, Dallas, Tex., for plaintiff.

Allen Butler, Clark, West, Keller, Butler & Ellis, Dallas, Tex., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

MARY LOU ROBINSON, District Judge.

Before the Court is Plaintiff's Motion for Reconsideration of Order to Dismiss and Order to Strike Jury Demand filed on December 6, 1991. Defendant filed its Response on December 26, 1991.

### STATEMENT OF FACTS

In this Title VII race discrimination case, Plaintiff, who brought suit in this Court on May 21, 1991, moves to amend his complaint to reallege a claim under 42 U.S.C. § 1981, to include a claim for compensatory and punitive damages, and to request a jury trial for his Title VII claim pursuant to the Civil Rights Act of 1991 (1991 Act) which became effective six months after the original complaint was filed.

The Court previously dismissed Plaintiff's claims under § 1981 on the basis of racial harassment, discrimination, failure to promote, and wrongful termination. *See Order Granting Defendant's Motion to Dismiss.* Plaintiff, however, claims that the 1991 Act applies to the present case. Defendant, on the other hand, contends that the 1991 Act applies only to conduct occurring on or after the date on which the 1991 Act was passed, and thus that it should not be applied retroactively.

Because Congress in this new civil rights legislation decided not to specifically address whether or not the Act applies retroactively, every federal court in the United States is now faced with the issue of whether the 1991 Act should be applied retroactively.

### ANALYSIS

A. *Congressional Intent and Legislative History*

Section 402 of the 1991 Act sets forth the effective date of the Act. However, it contains no provision stating whether or not it applies to cases, such as the present case, already pending in U.S. District Court.

(a) IN GENERAL.—Except as otherwise specifically provided, this Act and the amendments made by this Act shall take effect upon enactment.

(b) CERTAIN DISPARATE IMPACT CASES.—Notwithstanding any other provision of this Act, nothing in this Act shall apply to any disparate impact case for which a complaint was filed before March 1, 1975, and for which an initial decision was rendered after October 30, 1983.[1]

The legislative history fares no better. It not only fails to provide any guidance on the question of retroactive application, but rather leaves the issue in a state of total confusion.

Senator Danforth, one of the cosponsors of the legislation, at one time stated on the floor of the Senate that the new legislation was to apply prospectively only. Senator Kennedy expressed a disagreement with that view. Ultimately, however, Senator Danforth expressed the view that there was no clear legislative history, only various and inconsistent statements from a number of senators and representatives and that any court seeking to interpret the statute should look to the language of the statute, not the statements of the legislators, and apply appropriate rules of construction. *See* 137 Cong.Rec. § 15,483 (daily ed. Oct. 30, 1991); *Id.* § 15,325 (daily ed. Oct. 29, 1991).

---

**1.** Because the case at hand is not a disparate    treatment case, subsection (b) does not apply.

*Mojica v. Gannett Company, Inc.,* 779 F.Supp. 94 (N.D.Ill.1991).

### B. *Retroactive Application of the 1991 Civil Rights Act*

#### 1. Substantive Provision

Even though the Supreme Court recently recognized the conflict between two lines of cases addressing the retroactive application of a substantive provision of a new statute, it chose not to resolve the inconsistency. *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 1576–77, 108 L.Ed.2d 842 (1990). One line of cases indicates that unless there is specific indication to the contrary a new statute should be applied retroactively absent "manifest injustice." *Bradley v. Richmond School Bd.,* 416 U.S. 696, 716, 94 S.Ct. 2006, 2019, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 282, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969). The other line of cases holds that unless there is specific indication to the contrary a new statute should be applied only prospectively. *Bowen v. Georgetown University Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988).

■ Until the Supreme Court clarifies the jurisprudence in this area, the Court will follow Fifth Circuit precedent which stands for the proposition that " 'retroactivity is not favored in the law … [and] [t]hus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.' " *Storey v. Shearson–American Exp.,* 928 F.2d 159, 162 (5th Cir.1991), *quoting Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). *See also Walker v. United States Dep't of Housing and Urban Development,* 912 F.2d 819, 831–32 (5th Cir.1990) (rejecting argument for retroactivity of Anti–Demolition Statute); *United Brotherhood of Carpenters and Joiners v. Mar-Len of Louisiana, Inc.,* 906 F.2d 200, 203–04 (5th Cir.1990) (rejecting argument for retroactivity of NLRB decision); *Senior*

*Unsecured Creditors' Committee v. FDIC,* 749 F.Supp. 758, 773 (N.D.Tex.1990) (rejecting argument for retroactivity of § 1821(i)(2) of FIRREA); *Texas American Bancshares, Inc. v. Clarke,* 740 F.Supp. 1243, 1248 (N.D.Tex.1990) (rejecting argument for retroactivity of § 1821(j) of FIRREA).

The Court, however, notes that the Fifth Circuit has recently relied on the *Bradley* line of cases for the proposition that a court of appeals "must apply the [case] law governing at the time of [its] consideration of the case, rather than that in effect at the time of the lower court's judgment." *St. Paul Insurance Company of Bellaire, Texas v. AFIA Worldwide Insurance Company,* 937 F.2d 274, 278 (5th Cir.1991), citing *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476, 488 (1974). For instance, in *St. Paul Insurance,* a diversity case, the Fifth Circuit applied a new intervening case which had changed the law and controlled at the time of the appeal. *Id.* at 278. Similarly, in *Carol v. General Acc. Ins. of America,* the Fifth Circuit applied retroactively the U.S. Supreme Court decision in *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) to a discrimination action decided in the district court prior to the Supreme Court's decision. *Carol,* 891 F.2d 1174, 1175–76 (5th Cir.1990).

■ Because the case at hand involves the application of a new substantive statutory provision, the Court finds applicable the Fifth Circuit line of cases holding that legislation is to be applied prospectively absent unequivocal Congressional intent. *Storey v. Shearson–American Exp.,* 928 F.2d 159, 162 (5th Cir.1991), *quoting Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). On this basis, the Court finds that the 1991 Civil Rights Act should be applied prospectively since congress did not specify otherwise.[2]

#### 2. Procedural Provision—Right to Jury Trial

The 1991 Civil Rights Act provides that

**2.** *Compare Hansel v. Public Service Company of*    *Colorado,* 778 F.Supp. 1126 (D.Colo.1991) (rely-

(c) [i]f a complaining party seeks compensatory or punitive damages under this section (1) any party may demand a trial by jury; and (2) the court shall not inform the jury of the limitations described in subsection (b)(3).

Above the Court concluded that the substantive provision of the Act allowing recovery of compensatory and punitive damages should only apply prospectively. Therefore, the Court need not address whether the jury trial provision available only in the event compensatory or punitive damages are alleged should be retroactively applied.

## CONCLUSIONS

Plaintiff's Motion to Reconsider the Court's Order Granting Defendant's Motion to Dismiss is DENIED.

It is SO ORDERED.

---

ing on a Tenth Circuit opinion holding that a statute should apply retroactively only if there is clear congressional intent to that effect, the court held that the 1991 Act did not have retroactive application because clear congressional intent was lacking) *and Van Meter v. Barr,* 778 F.Supp. 83 (D.D.C.1991) (held that 1991 Act would not be applied retroactively in a Title VII claim against the federal government, because it would be unfair to allow plaintiff to tack claims for compensatory damages onto complaints already pending against the government in U.S. district courts) *with Mojica v. Gannett Compa-*

*ny, Inc.,* 779 F.Supp. 94 (N.D.Ill.1991) (held that 1991 Civil Rights Act has retroactive application because the Seventh Circuit has recently held that *Bradley* continues to apply and thus a statute is presumed to apply retroactively unless there is clear express congressional intent to the contrary or that it would be a manifest injustice to so apply the new Act) *and King v. Shelby Medical Center,* 779 F.Supp. 157 (N.D.Ala.1991) (held that the 1991 Civil Rights Act should be applied retroactively because the Eleventh Circuit has recently found a similar provision to be remedial in nature).