Charles E. **BARNES,**
**Plaintiff-Appellant,**

v.

**YELLOW FREIGHT SYSTEMS,**
**Defendant-Appellee.**

No. 87–1367
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1987.
Rehearing Denied Nov. 19, 1987.

Edward B. Cloutman, III, Mullinax, Wells, Baab & Cloutman, Dallas, Tex., for plaintiff-appellant.

Charles C. Frederiksen, John V. Jansonius, Haynes & Boone, Dallas, Tex., for defendant-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

This case returns following a remand, *Barnes v. Yellow Freight Systems, Inc.,* 778 F.2d 1096 (5th Cir.1985).  After consideration of additional evidence, the district court found no racial discrimination in the decision to discharge Charles E. Barnes.  Perceiving neither clearly erroneous finding of fact nor error of law, we affirm.

### Background

The facts are set forth in detail in our prior opinion, 778 F.2d 1096, and will not be repeated.  We note only that Barnes was a shift operations manager.  After numerous complaints about his performance, and unsuccessful counseling efforts by his superiors, Barnes was forced to resign.  Four days later Maury Nixon, a white shift operations manager with a similar poor performance record, was demoted to dock

**34.** *Loeffler v. Carlin,* 780 F.2d 1365, 1370–71 (8th     Cir.1985).

foreman. Barnes contends that this demotion of Nixon, contrasted with his loss of employment, demonstrates racial discrimination towards him. We remanded for a determination whether Barnes had received more severe treatment because of his race.

On remand the court invited additional evidence. Barnes resubmitted on the record as constituted; Yellow Freight supplemented with evidence listing the discharge of all supervisory personnel during the tenure of the general manager who decided the fate of Barnes and Nixon. After reviewing the record, including a consideration of the supplemental evidence which reflected the discharge of six white supervisors, and the explanation for the demotion of Nixon, the district court concluded that the action against Barnes was not race-related.

Barnes's sole basis for his claim of racial discrimination is the demotion of Nixon. Barnes and the other supervisors were terminated. A close examination of the facts surrounding the promotion and demotion of Nixon discloses an essential factual difference. Nixon was promoted involuntarily to shift operations manager; he did not seek a promotion from his job as dock foreman. He was not suited or trained for the higher job. The general manager who promoted Nixon soon realized his error in making this unsought promotion. But because it was his error, rather than fire Nixon the general manager returned him to his assignment as dock foreman. The district court did not consider this to be evidence of disparate treatment on the basis of race, and rejected Barnes's claims. This appeal followed.

### Analysis

In evaluating the district court's conclusion that Yellow Freight did not intentionally discriminate against Barnes, our "appellate review centers on the fact-finder's ultimate conclusion as to the employer's motivation." *Parson v. Kaiser Aluminum & Chemical Corp.*, 727 F.2d 473, 476 (5th Cir.), *cert. denied,* 467 U.S. 1243, 104 S.Ct. 3516, 82 L.Ed.2d 824 (1984). *See also Lewis v. NLRB,* 750 F.2d 1266, 1272 (5th Cir.1985). The district court's finding of no intentional discrimination is subject to the "clearly erroneous" standard of Fed.R. Civ.P. 52(a). *Williams v. Southwestern Bell Tel. Co.,* 718 F.2d 715, 718 (5th Cir. 1983) (per curiam). *See also Parson,* 727 F.2d at 475–76; *Lewis,* 750 F.2d at 1272.

The district court found that the general manager "maintained a general policy of terminating, rather than demoting, supervisory employees who did not satisfactorily perform their duties." But the court further found adequate non-racial reasons for the treatment accorded Nixon. These factual findings are supported by the record. They are not clearly erroneous; indeed they are clearly correct. Being persuaded that the decision to call for Barnes's resignation under threat of dismissal was based on legitimate business reasons which were not shown to be pretextual, and that he was not treated differently than Nixon because of race, we AFFIRM.