Camille COMEAUX, Plaintiff–Appellant,

v.

UNIROYAL CHEMICAL CORPORA-TION, Defendant–Appellee.

No. 88–3036
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 14, 1988.

James C. Ferguson, Brooks E. Hester, Baton Rouge, La., for plaintiff-appellant.

David L. McComb, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and DAVIS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Mr. Camille Comeaux, appeals the district court's dismissal of his complaint under Title VII and 42 U.S.C. § 1981 in which he alleged that appellee terminated his employment because of his race. We find the several contentions raised on this appeal to be without merit and affirm the district court's judgment.

Mr. Comeaux, who is black, was employed by Uniroyal as a production employee at the latter's plant in Geismar, Louisiana from May, 1973 until August 10, 1982. Comeaux's employment was terminated on the latter date, Uniroyal contends, because he had violated a company safety standard. The parties agree that a chemical spill containing ethylene dicholoride occurred at the plant on the evening of August 6, 1982. Comeaux was exposed to fumes from the spill, became ill, and was briefly hospitalized. Uniroyal maintained that Comeaux violated company safety policy by undertaking to clean up the spill while wearing only an escape respirator mask. Comeaux initially took the position that he had not been involved in any clean-up effort but later contended that he used the mask only to escape from the fumes which suddenly had become more pervasive. He urges that, in any case, the alleged violation was merely a pretextual explanation for his termination.

Charging that his termination was racially motivated, Comeaux timely filed a complaint with the EEOC alleging violation of his rights under Title VII, 42 U.S.C. §§ 2000e et seq., and § 1981. Finding no reasonable cause to believe that appellant's allegations were true, the EEOC issued a right to sue letter. Appellant then sued in federal district court under Title VII and § 1981. The case was tried before a federal magistrate, whose report was filed February 9, 1987. The district court filed its review of the magistrate's report on December 10, 1987, and its judgment in favor of Uniroyal dismissing appellant's suit the following day. Appellant timely appealed, raising five issues for our review. We consider these in the order presented by appellant.

In evaluating the district court's finding that Uniroyal did not discriminate against appellant, our review centers on the factfinder's conclusion as to appellee's motivation. The district court's finding of no intentional discrimination is subject to the clearly erroneous standard of Fed.R.Civ.P. Rule 52(a). *Barnes v. Yellow Freight Systems*, 830 F.2d 61, 62 (5th Cir.1987).

First, appellant contends that the magistrate and district court "committed clear error of fact and ... law as to their findings relative to appellant's prima facie case." In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the Supreme Court set out four elements that a plaintiff must prove to establish a prima facie case of discrimination under Title VII based on disparate treatment.[1] Appellant does not specify what error the district court com-

---

1. The same scheme also applies for proving disparate treatment cases brought under section 1981 when this statute is used as a parallel cause of action with Title VII. *Harris–Dukes v. Abbott Laboratories*, 839 F.2d 1102, 1103 (5th Cir.1988); *Hamilton v. Rodgers*, 791 F.2d 439, 442 (5th Cir.1986); *Chaline v. KCOH, Inc.*, 693 F.2d 477, 479 (5th Cir.1982); *Whiting v. Jackson State University*, 616 F.2d 116, 121 (5th Cir. 1980).

mitted in its findings relative to these elements or his prima facie case. We cannot review error where none is drawn to our attention. Moreover, the Supreme Court has determined that when a *McDonnell Douglas* or disparate treatment Title VII case has been fully tried on the merits, appellate review appropriately focuses on whether the plaintiff met his or her burden of proof as to discriminatory intent, rather than on whether he or she established a prima facie case in the first place. *U.S. Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714–17, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983).

In any event, since the case was fully litigated at trial, it appears that the court found that appellant had established his prima facie case.[2] But we observe in passing that it is doubtful from the record that appellant did establish a prima facie case. One of the four requisite elements for establishing such a case is that the complainant prove that he was replaced by someone outside the protected group. *Chaline v. KCOH*, 693 F.2d at 480; *Jackson v. City of Killeen*, 654 F.2d 1181, 1183 (5th Cir.1981). The magistrate found that appellant was replaced by a black male who was qualified for the position. Comeaux does not dispute this finding on appeal. Appellant's first contention clearly fails.

■ Second, appellant contends that the district court erred by not finding racial intent as to his § 1981 claim. Intent to discriminate on the basis of race may be shown by either direct or circumstantial evidence. There was no direct evidence that appellee's decision was motivated by racial considerations. Ample evidence at trial supported appellee's contention that it decided to terminate appellant's employment for nondiscriminatory reasons. Then, as the final step in the McDonnell Douglas analysis, the court found that the company's reasons were not pretextual.

The magistrate found that through the years the Uniroyal plant had disciplined a total of four employees who had been injured because they had violated safety procedures, two white and two black (one of whom was appellant Comeaux), and had discharged two employees for such violations, one white and one black (the appellant). Appellant argues that disparate treatment was shown by the fact that he was terminated while his white supervisor, who, he claims, violated the same rule, was not subjected to discipline. There was substantial evidence, however, that the supervisor had not violated any safety rule, but that appellant had done so. Moreover, there was no evidence that the supervisor had a history of prior safety violations, but it was not disputed that appellant did have such a history. These fact findings by the magistrate are supported by the evidence and are not clearly erroneous.

■ Third, appellant urges that the court "committed error of law" by permitting Uniroyal to expand its pleadings, over objection, by contending at trial that the decision to terminate his employment was based on his employment history. Appellant avers that the only reason for termination given him prior to trial was that he had violated a safety rule. He argues on appeal that by allowing appellee to introduce evidence at trial that it had decided to terminate his employment on the basis of his employment history the court denied him due process in that he was thereby deprived of a fair opportunity to rebut "the newly created issue."

■ The record makes clear, however, that appellant was advised well before trial that appellee would contend that its decision to terminate his employment was based upon his overall safety record, not just upon the precipitating safety violation on August 6, 1982.[3] In any event, it does

---

**2.** In a *McDonnell Douglas* Title VII case, the trial proceeds to the next level or order of proof only if the plaintiff has established a prima facie case. See *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–57, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981).

**3.** See Uniroyal's answer (filed July 10, 1983) to appellant's original complaint: "The fact that plaintiff is no longer employed by defendant is not the result of any intention, past or present, to discriminate because of race, but is the sole result of plaintiff's serious safety violations which endangered both himself and his fellow

not violate Title VII for a company to claim one ground at the time of discharge and then at trial add others, so long as racial considerations were irrelevant, as they were shown to be here. Appellant's third contention is clearly without merit. We therefore need not consider to what extent the defendant in a Title VII disparate treatment case may introduce new evidence at trial in order to rebut a plaintiff's prima facie case.

Fourth, appellant claims that the district court "committed error of law" by quashing his subpoena duces tecum which called for production of various company records concerning injuries incurred by other company employees. The motion was filed two days before trial. The court had earlier issued a pretrial order requiring that additional exhibits be submitted to opposing counsel at least twenty days prior to trial. The subpoena duces tecum was in effect a motion for additional discovery, and the court correctly construed it as such. The court did not abuse its discretion by granting appellee's motion to quash the subpoena duces tecum as untimely.

Finally, Comeaux argues that the court "committed error of law" by not estopping the company from relitigating the question whether he had violated a safety rule. In a state unemployment compensation proceeding, the Louisiana Board of Review had determined that Comeaux had not violated a safety rule and so was eligible to receive unemployment compensation benefits following his termination by Uniroyal. Prior to trial on his employment discrimination claim, Comeaux filed a motion for "res judicata, judicial estoppel, and equitable estoppel" on appellee's claim that it had terminated his employment for legitimate, nondiscriminatory reasons. It is elementary that for either res judicata or issue preclusion to apply, the cause, claim, or issue before the second proceeding must either have been litigated in the first proceeding or be one that legally should have been raised there.

It is clear that the unemployment compensation proceeding neither considered, nor had occasion to consider, whether Uniroyal terminated Comeaux's employment for legitimate, nondiscriminatory reasons. The fact that the state board held that Comeaux did not violate a safety rule does not mean that Uniroyal could not properly have concluded that he had done so, or that it could not legitimately decide to terminate his employment on the basis of his overall safety record. Even if Uniroyal had erroneously concluded that appellant violated a safety rule on August 6, 1982, it would not follow that its determination to terminate appellant's employment was based upon improper racial considerations. This lawsuit does not litigate the general issue of whether there was or was not "good cause" for appellant's discharge. The only issue is whether the discharge was racially motivated. We conclude that the court did not abuse its discretion by denying appellant's motion for res judicata and collateral estoppel.[4]

Although appellant argues passionately and intemperately that the district court erred in its findings of fact and conclusions of law, it is clear that he simply failed to meet the requisite burden of proof at trial. Having carefully examined the record, we find no basis for appellant's several contentions, and therefore AFFIRM, the district court's order and judgment.

AFFIRMED.

---

employees." See also the magistrate's pre-trial order filed August 11, 1986, one month before trial: "Defendant contends that plaintiff was terminated because of his poor overall safety record, violation of explicit safety procedures and failure to follow explicit safety instructions."

4. Appellant claims that the court also denied him "his equal protection rights" under the Fourteenth Amendment, but does not show how state action was implicated. This claim is frivolous.