John **HARDY** Plaintiff

v.

**SIMPSON COUNTY SCHOOL DISTRICT, et al., Donnie Maddox, J.O. Smith, John Moore, Katherine Weathersby and Marshall Dear, Individually and as Members of the Simpson County School Board, and Jack McAlpin, Simpson County Superintendent of Education Defendants.**

No. CIV. A. 3:97CV325WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 26, 1999.

Suzanne Griggins Keys, Byrd & Associates, Jackson, MS, for John Hardy, plaintiff.

Jim D. Waide, III, Waide, Chandler & Fleitas, P.A., Tupelo, MS, for Simpson County School District, Donnie Maddox, J.O. Smith, John Moore, Katherine Weathersby, Marshall Dear, Jack McAlpin, Simpson County Superintendent of Education, defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is defendants' motion under Rule 50,[1] Plaintiff herein is suing the defendants on claims brought under Title VII,[2] Civil Rights Act of 1964; Title 42 U.S.C. § 1981;[3] and Title 42 U.S.C.

---

1. Rule 50(a)(1) of the Federal Rules of Civil Procedure provides as follows:

   If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

2. Title 42 U.S.C. § 2000e–2(b) provides that "[i]t shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin."

3. Title 42 U.S.C. § 1981(a) provides in pertinent part that, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to

§ 1983.[4] This court has jurisdiction over this dispute by virtue of Title 28 U.S.C. § 1331.[5] For the reasons which follow, this court is persuaded to grant defendants' motion and to dismiss this lawsuit in its entirety.

Plaintiff is John Hardy, presently junior high school principal at Mendenhall Junior High School and an employee of the Simpson County School District, Simpson County, Mississippi, one of the defendants herein. Also defendants in their official capacities are the School Board members, Donnie Maddox, J.O. Smith, John Moore, Katherine Weathersby, and Marshall Dear. Plaintiff is also suing Jack McAlpin, the Simpson County Superintendent of Education.

Under plaintiff's theory of this case, defendants were under a duty to continue to utilize a rating form and method which, says plaintiff, should have resulted in defendants' selection of plaintiff for the job of principal at the Mendenhall High School.

The form and method championed by plaintiff had been in effect since 1983 and, further, had been administered during this period by Mrs. Lillie L. Hardy, who, significantly, is the wife of plaintiff. Back in 1983, the defendant School District and the Department of Justice had entered into a Consent Decree filed in the school desegregation case of *U.S. v. Fletcher*, Civil Action No. J4706(R) (S.D. Miss.1983). The Consent Decree created the job of Personnel Director, held by Mrs. Lillie L. Hardy, whose task, *inter alia*, was to rate candidates for administrative and teaching positions in the District. The parties disagree whether the Consent Decree mandated the District to use the rating form here in issue.

The core dispute *sub judice* is whether the defendants exhibited racial animus when they selected a white applicant, Randall Neely, over the plaintiff. Plaintiff, based upon the rating form and method in effect, initially had a higher score when the score was computed by Mrs. Hardy, but a lower score when the score subsequently was computed by defendant Jack McAlpin, Simpson County Superintendent of Education.

Mrs. Hardy's score for her husband and McAlpin's score for plaintiff differed in how the two interpreted the rating form's allowance for crediting academic credit hours and prior work experience.[6]

Relative to the form's address of crediting academic credit hours, Mrs. Hardy testified that applicants with either a Master's Degree or a Specialist Degree are all entitled to the same maximum of 70 points.

make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

**4.** Title 42 U.S.C. § 1983 provides Title 42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Although the plaintiff's § 1983 claim was not included in the Pretrial Order which would normally constitute waiver of such claim, *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir.1992), citing *Flannery v. Carroll*, 676 F.2d 126, 129 (5th Cir.1982), the court, out of an abundance of caution, will address the § 1983 issue.

**5.** Title 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**6.** Mrs. Hardy scored the plaintiff even though she was married to plaintiff at the time. All parties agree that she did so after McAlpin instructed her to proceed. Later, after this controversy erupted, defendants, who say that previously they had never questioned Mrs. Hardy's ratings, reviewed other ratings she had calculated and found fault both in the method and factors she had followed.

Obviously, this approach completely and inexplicably ignores the fact that a Specialist Degree is a higher educational diploma premised upon greater graduate school hours of education.

Furthermore, Mrs. Hardy testified that while applicants with either the Master's Degree or Specialist Degree are entitled to the same 70 points maximum, applicants who have continuing education hours beyond the Master's, short of attaining the Specialist Degree, would be entitled to the 70 points, plus credit points for the extra continuing legal education hours. Thus, under Mrs. Hardy's application of the rating form, an applicant would be better off accumulating as many hours as possible short of actually attaining the Specialist Degree. Clearly, this approach is both illogical and educationally penal.

When Mrs. Hardy and McAlpin respectively contemplated the comparable rating scores of plaintiff and Neely, both were under the impression that Neely had accumulated nineteen (19) years as a junior high principal and that he had a Specialist Degree. Plaintiff, on the other hand, had a AA Certificate and four (4) years as a junior high principal. Subsequently, Mrs. Hardy and McAlpin realized that Neely did not have a Specialist Degree, but did have a Class AAA Certification. The Mississippi State Board of Education determines certification levels, whether A, AA, or AAA, based upon an individual's educational and experience levels. A certification level of AAA is higher than an AA certification and commands a higher salary.

In his justification letter for not recommending plaintiff to the Board, McAlpin stated that contrary to Mrs. Hardy's calculations, he was of the opinion that Mrs. Hardy should have given Neely more credit for his education and AAA certificate.

In addition to his concerns that Mrs. Hardy had not properly credited Neely's educational attainment, McAlpin also questioned why Neely had not been credited for all of his nineteen (19) years as an incumbent principal of Simpson Central Junior High School.

Pursuant to the authority of his office, McAlpin then credited Neely with more points. The defendant School Board later by a vote of 3–2 approved his recommendation of Neely for the position. One of the dissenting Board members who testified in this trial, testified that he voted against McAlpin's recommendation solely based upon question of whether McAlpin may have utilized a rating method not approved by the Justice Department. Unsure of the answer to this question, he says he voted against the measure out of caution. He testified that he never thought that McAlpin's choice was rooted in any selection based on race.

Plaintiff now charges racial discrimination and couches his claims under § 1983, § 1981, Title 42 U.S.C.; and Title VII.

■ To recover under Title 42 U.S.C. § 1983, a plaintiff must prove two vital elements: (1), that he has been deprived of a right secured by the Constitution and the laws of the United States; and (2), that the persons depriving him of this right acted under color of any statute, etc., of a State, Territory or the District of Columbia. *See West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); *Daniel v. Ferguson,* 839 F.2d 1124, 1128 (5th Cir.1988).

■ To recover under § 1981, plaintiff is required to prove the same elements as under Title VII. *Flanagan v. Aaron E. Henry Community Health Services Center,* 876 F.2d 1231, 1233–34 (5th Cir.1989), citing *Comeaux v. Uniroyal Chemical Corp.,* 849 F.2d 191, 192 n. 1 (5th Cir.1988), *Hamilton v. Rodgers,* 791 F.2d 439, 442 (5th Cir.1986) (other citations omitted).

■ In order to prevail on his charge under Title VII, plaintiff must prove the following: "1) membership in a protected class; 2) that the plaintiff was qualified for the position at issue; 3) that the defendant made an adverse employment decision despite the plaintiff's qualifications; and 4)

that the plaintiff was replaced with a person not a member of the protected class." *Portis v. First National Bank of New Albany*, 34 F.3d 325, 328, n. 6 (5th Cir. 1994), citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ The oft-quoted *McDonnell Douglas* test enunciated in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506–07, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993), provides the production burden relative to plaintiff's § 1981 and Title VII claims. "[O]nce the plaintiff has satisfied his burden to make out the prima facie case, *McDonnell Douglas* compels the defendant to produce evidence that the adverse employment actions were undertaken for a legitimate, nondiscriminatory reason." *Walton v. Bisco Industries, Inc.*, 119 F.3d 368, 371 (5th Cir.1997), citing *St. Mary's*, 509 U.S. at 506–07, 113 S.Ct. 2742. The burden then shifts back to the plaintiff to prove that the employer's stated justification is pretextual. *Id.*; see also *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 257, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

In his case-in-chief, plaintiff has established that he is an African American and, thus, a member of a protected class, that he was qualified for the position, that he was not appointed to the position and that, instead, the defendants appointed a white man, Neely, to the position. Under the *McDonnell Douglas* test, defendants were then obliged to come forth with a defense, with a non-discriminatory reason for their actions. *Walton*, 119 F.3d 368, 371 (5th Cir.1997), citing *St. Mary's*, 509 U.S. at 506–07, 113 S.Ct. 2742.

In summary, defendants' proof of a nondiscriminatory reason was as follows: that McAlpin had not dealt with the rating form before and did so here only because of the uniqueness of the circumstances; that Mrs. Hardy was the wife of one of the applicants, John Hardy; that defendant McAlpin simply gave Neely appropriate, additional points for experience and education; that the rating form in issue has an indeterminate origin and no one can say that the Justice Department ever approved this specific form; that while plaintiff makes much of the Consent Decree's requirement that the Justice Department approve rating form modifications, plaintiff's key witness, Mrs. Hardy, changed the form in the 80's, probably in 1984, without any corroborative Justice Department approval; that plaintiff himself when he obtained his present position as junior high principal benefited from this changed form, which, when changed, provided him additional points for administrative experience; that, relative to the instant dispute, Mrs. Hardy in her testimony acknowledged that others could reasonably take a different view of the form used by her in assessing the rating points of plaintiff and Neely; that under Mrs. Hardy's interpretation of the form, Neely would have been severely penalized in experience and education points; and that historically the District's authorities, the Superintendent, the respective school principals, were allowed to by-pass higher rated candidates in favor of lower rated applicants so long as the recommending authority provided valid, non-discriminatory reasons for the non-selection of the higher rated applicant.

When a defendant submits non-discriminatory reasons for their actions, as have defendants here, the plaintiff then is tasked with showing pretext, that defendants' offered explanation was fabricated. Plaintiff can carry this burden by showing similar discriminatory conduct by defendants, or by simply showing evidence attacking the explanation. *See Walton*, 119 F.3d at 370 ("The plaintiff cannot succeed by proving only that the defendant's proffered reason is pretextual. Rather, 'a reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false and that discrimination was the real reason.'") If the court is persuaded that plaintiff has shouldered this production burden, the court should submit the issue to the jury. Contrariwise, if the court is persuaded that plaintiff has not met this burden, the court should

grant defendants' motion for judgment of law and dismiss the lawsuit.

In evaluating defendants' motion for judgment as a matter of law, the court is guided by clear juridical pronouncements:

> [T]he Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting [judgment as a' matter of law] is proper.

*Deffenbaugh–Williams v. Wal–Mart Stores, Inc.,* 156 F.3d 581, 588 (5th Cir. 1998), citing *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc)(overruled in· part on other grounds by *Gautreaux v. Scurlock Marine Inc.,* 107 F.3d 331 (5th Cir.1997) (en banc)).

■ Defendants' motion for judgment as a matter of law must be granted. Plaintiff herein has not shown pretext. What we have here is simply a dispute between the parties how the rating form in issue should reflect an applicant's prior work experience and academic education, and plaintiff's unsuccessful attempt to clothe this dispute with racial overtones.

Defendants have offered a rational explanation for their choice of Neely over Hardy. McAlpin, who only involved himself in plaintiff's rating scheme because Mrs. Hardy is the wife of plaintiff, John Hardy, testified that he simply did the fair thing and gave Neely appropriate credit for the education and experience Mrs. Hardy decided not to credit. Both Mrs. Hardy and Attorney Rex Foster, plaintiff's first attorney and who appeared with plaintiff before the School Board to protest its actions, admitted that throughout this controversy, McAlpin has always defended his actions based upon his opinion that the rating method was unfair.

Indeed, this court has heard no persuasive reason why an applicant would not be credited for having obtained a superior certification. Nor has this court heard any rational justification for a rating form which would encourage applicants to seek graduate school hours short of satisfying the requirements for the bestowal of any degree above that of a Master's.

Further, no credible ·evidence before the court undermines McAlpin's explanation that he thought it fair to consider Neely's nineteen (19) years as a junior high principal. Plaintiff apparently acknowledges the deficiencies with Mrs. Hardy's approach.

Yet, plaintiff contends that defendants' actions are mired in racial discrimination because defendants changed an approach to the form which, to be changed, should have had Justice Department approval and since unchanged, should have been blindly followed by McAlpin. Plaintiff's position is myopic.

The inquiry here is whether plaintiff has adduced sufficient proof that defendants' actions were motivated by racial animus. This court finds that plaintiff has not produced proof on this key element of proof sufficient to withstand defendants' motion for judgment as a matter of law. Plaintiff's proof has fallen far short of establishing a prima facie case worthy of jury consideration. Plaintiff simply has not shown that McAlpin was motivated by any racial animus when he credited Neely's education and experience. Plaintiff cannot dispute that Neely's AAA Certificate was higher than plaintiff's AA Certificate, or that Neely's nineteen (19) years as a junior high principal exceeded plaintiff's four (4) years as a junior high principal. Nor can plaintiff defend the fairness of his interpretation of the rating form, that Neely's AAA Certificate was entitled to no more points than plaintiff's AA Certificate, or that Neely was not entitled to extra points for extra credit hours past his Master's.

Further, a feature of the District's administrative procedure permitted the Superintendent, as well as the school principals, to provide written explanations for choosing lower rated candidates over high-

er rated ones. Even the plaintiff in his hiring decisions had by-passed higher rated candidates in favor of lower rated applicants. Plaintiff admits that purely on subjective reasons he had by-passed higher rated candidates, for instance, where he had rejected Rachael Sherman. Yet, plaintiff takes the position that the Superintendent should have been powerless to exercise this same discretion, to select Neely, the initially lower-rated applicant, over plaintiff, so long as the Superintendent provided race-neutral reasons for the selection, which he did. Plaintiff, who defended and justified the instances when he had indulged a lower-rated applicant over a higher-rated one, offered no credible explanation to explain his inconsistent position.

Thus, all plaintiff has presented in his lawsuit is an interpretation fight over how the rating form in issue should have been used. Lost in plaintiff's presentation is any consideration of equity or plain fairness. Plaintiff simply says that the form, approved by the Justice Department relative to a Consent Decree, should have been woodenly followed by defendants.

Two points undermine this contention. First, there is before the court no cogent proof that the Justice Department ever approved this specific form with the flagrant rating deficiencies here identified.

Secondly, Mrs. Hardy, plaintiff's spouse, altered the form in approximately 1984 and cannot show any approval by the Justice Department. In fact, as earlier stated, her modification of the form to allow points for administrative experience later allowed her husband, the plaintiff, to become the successful applicant for the junior high principal job he now holds. Had the form not been altered, plaintiff would not have been the highest rated candidate.

In sum this lawsuit, whether viewed under Title VII, § 1981, or § 1983, charges race discrimination, that McAlpin in his rating and recommendation, and that the School Board in its vote in favor of Neely, practiced racial discrimination. Plaintiff just has not presented evidence sufficient to withstand defendants' motion showing that either McAlpin or the Board was actuated by racial animus. Even plaintiff's own witnesses, Mrs. Hardy and Attorney Rex Foster, agreed that while they disagreed with McAlpin's approach, McAlpin's view was reasonable. This court certainly sees it as being so.

Therefore, since plaintiff has failed to offer sufficient proof on the key element of racial animus, a vital element of proof on all of plaintiff's causes of action, *see Daniel v. Ferguson,* 839 F.2d at 1128; *Flanagan,* 876 F.2d at 1233–34; *Pinkard,* 678 F.2d at 1224; this court hereby grants defendants' motion and dismisses all of plaintiff's claims.